Per Curiam.
The action is virtually for an accounting between the plaintiff, a foreign consignor, and the defendant, his consignee in this country. This appeal involves the correctness of a ruling which charged the appellant with the sum of $6,126.09. That charge arose from the following facts. The plaintiff consigned certain goods to the defendant. After they had arrived in the country, the United States began a suit against the defendant to recover $75,000, under sections 2839-2864, U. 8. Rev. 8tat., and section 16, Act of June 22, 1874. On February 9,1883, the United States accepted from the defendants an offer of compromise of $10,002.12 and discontinued the action. The respondent claims the amount paid in compromise should be charged to plaintiff. The claim is not valid for the reasons stated in Monnet v. Merz, 127 N. Y., 151, unless it appears by the evidence on this appeal that the plaintiff authorized or took part in the compromise. The evidence does not show any authority from the plaintiff to compromise on joint account. A proposition to that effect made by the plaintiff to the defendant was refused by the latter. The offer did not thereafter continue. Nothing can be implied on this subject unfavorably to the plaintiff from his omitting to answer concerning the suit, for as to that he had no obligation. The telegram “We refuse Custom House compromise of 70,000 francs,” as there was but one compromise in a suit claiming 75,000 francs, clearly referred to the compromise for $10,000. The *124 defendant failed to establish that the plaintiff authorized or, was a party to the compromise.
The referee charged the plaintiff with one half of the amount of the compromise. This was not valid, and the from the judgment so far as that is affected by the charge that has been examined. The judgment, therefore, should be reversed. as to such matter, and a new trial ordered, with costs to abide the event, and the order of reference vacated. only